UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BHUPENDRA K. SHAH,

Plaintiff,

94-CV-9193 (RPP)

- against -

**OPINION & ORDER**

NEW YORK STATE DEPARTMENT OF CIVIL SERVICE, NEW YORK STATE OFFICE OF MENTAL HEALTH, NATHAN KLINE INSTITUTE FOR PSYCHIATRIC RESEARCH,

Defendants.
---------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

On April 4, 2014, Bhupendra K. Shah ("Plaintiff"), pro se, submitted a motion for an order pursuant to Rules 60(b)(6) and 60(d)(3) of the Federal Rules of Civil Procedure for relief from the final judgment in this action. (See Br. in Supp. of Rule 60(d)(3) or 60(b)(6) or 60(b)(6) and 60(d)(3) Mot. for Relief from J. ("Pl.'s Br."), ECF No. 152.) Defendants New York State Department of Civil Service ("DCS"), New York State Office of Mental Health ("OMH"), and the Nathan Kline Institute for Psychiatric Research ("NKI") (collectively, the "Defendants") submitted a memorandum of law in opposition to the Plaintiff's motion on May 23, 2014, by their attorney Eric T. Schneiderman, Attorney General of the State of New York. (Defs.' Mem. of Law in Opp'n to Pl.'s Mot. for Relief from J. ("Opp'n Mem."), ECF No. 165.) The Plaintiff submitted a reply memorandum of law on May 30, 2014. (Reply Mem. of Law ("Pl.'s Reply"), ECF No. 166.)[1]

[1] The Plaintiff also submitted an additional letter on June 23, 2014 "to report evidence of massive fraud perpetrated upon [this Court] and [the] entire court system." (Letter to Judge Robert P. Patterson, ECF No. 167.) Because this letter is an impermissible sur-reply (see Local Rules of the U.S. District Court for the Southern and Eastern Districts of New York, Local Civil Rule 6.1), it will not be addressed by the Court in

For the following reasons, the Plaintiff's motion is DENIED.

## I. Factual Background[2]

The Plaintiff in this action, a nonwhite male, was a Research Scientist at NKI from 1973, until he was laid off from that position in 1983 as part of a massive layoff at NKI. Shah v. New York State Dep't of Civil Service, No. 94-CV-9193 (RPP), 2001 WL 839986, at *2 (S.D.N.Y. July 25, 2001). The Plaintiff applied for a position with OMH in 1989, and in 1990, he learned that he had not been hired to fill that position. Id. On February 22, 1990, the Plaintiff filed a complaint with the New York State Division of Human Rights, claiming that the Defendants' failure to hire him in 1990 constituted employment discrimination. Id. The Plaintiff has since continued to pursue numerous actions against the Defendants, related to his being denied various positions on the basis of his national origin. (Opp'n Mem. at 3 n.1 (listing cases).)

The Plaintiff commenced the action at issue here by complaint in December 1994, pursuant to Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, et seq. ("Title VII"); Shah, 2001 WL 839986, at *1. He served and filed a first amended complaint on January 13, 1995 (Opp'n Mem. at 3), and a second amended complaint on March 2, 1995. Shah, 2001 WL 839986, at *1. The Defendants moved to dismiss the second amended complaint, and on January 16, 1996, the Court granted, in part, and

---

this Opinion. The Court notes, however, that if it were to consider the new evidence attached to the Plaintiff's June 23, 2014 Letter, it would not change the outcome of the Plaintiff's motion for relief from the final judgment in this action, for reasons similar to those discussed in Section III of this Opinion. (See discussion infra Part III.A-C.) The case the Plaintiff cites in his Letter, Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128, 1132-33 (9th Cir. 1995), where a defendant's failure to disclose the existence of certain videotapes was found to amount to fraud on the court, is distinguishable from this case, where there has been no showing of misconduct or fraud by the Defendants. (See discussion infra Part III.C.)

[2] Because the factual and procedural history of this case was discussed at length in a previous Opinion of this Court, dated July 25, 2001, see Shah v. New York State Dep't of Civil Service, No. 94 Civ. 9193 (RPP), 2001 WL 839986, at *2-4 (S.D.N.Y. July 25, 2001), the Court recounts the history of this case only as is necessary to dispose of the pending issues.

denied, in part, the Defendants' motion to dismiss. Id. Specifically, the Court denied the Defendants' motion to dismiss the Plaintiff's claim that OMH had discriminated against him on the basis of race and national origin in rejecting his application for the Director of Quality Assurance position in 1990 and dismissed the Plaintiff's remaining claims with prejudice. Id.

The Defendants then moved for summary judgment to dismiss the Plaintiff's remaining claim. Id. The Court granted the Defendants' motion on December 9, 1997. Id. The Plaintiff appealed to the Second Circuit, and on February 19, 1999, the Second Circuit affirmed the judgment in part and vacated the District Court's judgment as to certain claims for retaliation, remanding the matter for further proceedings on the retaliation claims. Id.

On remand, discovery was reopened to provide the Plaintiff with information and documents concerning NKI's employment practices and hiring. Id. at *2. On November 9, 2000, the Defendants moved for summary judgment seeking dismissal of the Plaintiff's retaliation claims. Id. The motion for summary judgment was granted on July 24, 2001, see id. at *13, and affirmed on appeal, on June 30, 2009. Shah v. New York State Dep't of Civil Service, 341 F. App'x 670 (2d Cir. 2009).[3]

The Plaintiff's present motion seeks relief from the judgment dismissing his claims, pursuant to Federal Rules of Civil Procedure 60(b)(6) and 60(d)(3), arguing that the Defendants obtained the earlier judgment by misleading and committing fraud on the

[3] Prior to the Second Circuit's decision affirming this Court's judgment and awarding summary judgment to the Defendants, this Court denied the Plaintiff's Rule 60(b) motion on November 9, 2005 (Order Denying Pl.'s Mot. Under Rule 60(b), ECF No. 145) and denied the Plaintiff's application for the Court to reconsider its earlier decision not to reopen the judgment based upon allegations of fraud on December 5, 2005, as the Plaintiff was unable to demonstrate a fraud on the Court or provide newly discovered evidence of fraud. (Memo Endorsement, ECF No. 146.)

Court. Primarily, the Plaintiff argues that the Defendants were untruthful in claiming that no Research Scientist was hired at NKI in 1991, as an employee named Helen Scharfman was hired that year. (Pl.'s Br. at 2.) The Plaintiff argues that, by concealing this information, the Defendants harmed the integrity of the judicial process. (Id. at 11.) He argues that the Defendants caused him "extreme and undue hardships" because the Plaintiff's wife experienced health problems, allegedly "because of the [P]laintiff's employment problem with NKI from the last thirty years." (Id.)

The Plaintiff bases his allegations regarding Ms. Scharfman on a response to a Freedom of Information Law ("FOIL") request that he made in January 2014. (Pl.'s Br. Ex. 1) The response identifies Ms. Scharfman as a Research Scientist who was originally hired on May 2, 1991. However, although Ms. Scharfman is currently an NKI employee, she did not become an NKI employee until December 2006. (Jeffrey M. Braude Aff. in Opposition ("Braude Aff.") Ex. A, ECF No. 164.) In 1991, Ms. Scharfman was hired to work at the Helen Hayes Rehabilitation Hospital, a facility operated by the New York State Department of Health, not named as a defendant in this lawsuit. (Braude Aff. ¶ 4.)

In his reply brief, the Plaintiff makes similar arguments to those made in his initial brief and some new arguments, alleging that the Defendants made false statements under oath and misled the Court in various other ways. (Pl.'s Reply.) For example, the Plaintiff alleges that the Defendants falsely stated that Dr. Josef Vitrai, a research scientist hired by NKI in 1993, had qualifications that the Plaintiff lacked. (Id. at 8-9, 12.)

## II. Legal Standard

The Plaintiff is proceeding pro se, so the Court will construe his submissions liberally "to raise the strongest arguments that they suggest." Diaz v. United States, 517

F.3d 608, 613 (2d Cir. 2008) (citation omitted). The Plaintiff contends that, pursuant to Rules 60(b) and 60(d) of the Federal Rules of Civil Procedure, he should be relieved from the judgment rendered in 2001.

### *A. The Rule 60(b) Standard*

Rule 60(b) of the Federal Rules of Civil Procedure allows the court to relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . or; (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The purpose of Rule 60(b) is to strike a balance "between serving the ends of justice and preserving the finality of judgments." Harris v. City of New York, 2012 WL 5464576, at *4 (S.D.N.Y. Nov. 9, 2012) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)). Rule 60(b), however, is available only upon a showing of exceptional circumstances because it allows "extraordinary judicial relief." Nemaizer, 793 F.2d at 61. A party must make a Rule 60(b) motion within a reasonable time. Fed. R. Civ. P. 60(c)(1). If a party moves under Rule 60(b) subsections 1, 2, or 3, then it must move no more than one year after the entry of judgment. Id.

### *B. The Rule 60(d)(3) Standard*

Rule 60(d)(3) of the Federal Rules of Civil Procedure provides that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Unlike Rule 60(b)(3), which also provides relief from judgment in the

context of fraud, Rule 60(d) does not have a specific limitations period. Anderson v. New York, No. 07-CV-9599 (SAS), 2012 WL 4513410, at *5 (S.D.N.Y. Oct. 2, 2012).

The fraud which must be demonstrated under Rule 60(d)(3) to support relief from a final judgment "is narrower in scope than that which is sufficient for relief by a timely motion" under Rule 60(b)(3). Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1325 (2d Cir. 1995) (internal citation and quotation omitted). "The concept of 'fraud on the court' embraces 'only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.'" Id. (citing Kupferman v. Consolidated Research & Mfg. Corp., 459 F.2d 1072, 1078 (2d Cir. 1972)). Fraud on the court must be established by clear and convincing evidence. King v. First American Investigations, Inc., 287 F.3d 91, 95 (2d Cir. 2002).

## III. Discussion

### *A. The Plaintiff's Arguments Under Rule 60(b) Subsections 1, 2, and 3*

The Plaintiff does not specifically refer to Rule 60(b)(2) in his motion, but his brief refers to "newly discovered evidence" (see, e.g., Pl.'s Br. at 2), which is governed by Rule 60(b)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 60(b)(2). The Plaintiff also alleges fraud involving injury to a single litigant, which is governed by Rule 60(b)(3). See Gleason v. Jandrucko, 860 F.2d 556, 559 (2d Cir. 1988) (finding "fraud on an adverse party," governed by Rule 60(b)(3), distinguishable from "fraud upon the court," governed by Rule 60(d)(3)).

Rule 60(c)(1) provides that motions under Rule 60(b) subsections 1, 2, and 3 must be made within a year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). This limitations period is "absolute." Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000).

Therefore, to the extent that the Plaintiff's application—made nearly thirteen years after the entry of judgment—is based on Rule 60(b) subsections 1, 2, or 3, the application is time barred.

***B. The Plaintiff's Arguments Under Rule 60(b)(6)***

Rule 60(b)(6) does not have a specific limitations period. However, relief under Rule 60(b)(6) is inappropriate when a party "attempt[s] to use Rule 60(b)(6) to circumvent the one-year time limitation in other subsections of Rule 60(b)." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012). Further, motions under Rule 60(b)(6)—while subject to a more lenient statute of limitations than other subsections—must be made within "a reasonable time." Fed. R. Civ. P. 60(c)(1). Courts in this district have recognized a "reasonable time" as eighteen months, unless the movant shows good cause for the delay or mitigating circumstances. Rowe Entm't v. William Morris Agency, Inc., 2012 WL 5464611, at *2 (S.D.N.Y. Nov. 8, 2012) (internal citations omitted).

In this case, the Plaintiff's FOIL request, which motivates his Rule 60 petition, was made in January 2014 (see Pl.'s Br. Ex. 1), nearly thirteen years after the Court granted the Defendant's motion for summary judgment on July 24, 2001. The Plaintiff does not offer any explanation for his lengthy delay in making the FOIL request. Nor does the Plaintiff offer any explanation for his delay in raising claims as to Dr. Vitrai's credentials, which are based on emails exchanged in 2005. (Pl.'s Reply Ex. 1.) Therefore, thirteen years after the entry of the judgment in this case, the Plaintiff has failed to file his Rule 60(b)(6) claim within a reasonable time.

Furthermore, it is clear that the Plaintiff's Rule 60(b)(6) claim is premised on allegations of newly discovered evidence, such that the Plaintiff's claim is, in essence, a late Rule 60(b)(2) claim. See Stevens, 676 F.3d at 68 (denying Rule 60(b)(6) relief

where motion was "nothing more than a late Rule 60(b)(1) motion"). To the extent that the Plaintiff has filed a Rule 60(b)(6) claim to avoid the strict limitations period that governs claims under Rule 60(b)(2), his application is inappropriate and is not granted.

***C. The Plaintiff's Arguments Under Rule 60(d)(3)***

The Plaintiff also asks the Court to set aside the July 24, 2001 judgment for "fraud on the court," under Rule 60(d)(3), arguing that NKI "failed in [its] duty to disclose the hiring of Ms. Scharfman in 1991 during the discovery constituting fraud upon the court." (Pl.'s Br. at 1) The Plaintiff also argues in his reply brief that the Defendants misled the Court by falsely claiming that Dr. Vitrai, who was hired by NKI in 1993, had earned a Ph.D. in Biometrics from a university in Budapest. (Pl.'s Reply at 9.)

"'Fraud upon the court' as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication." Gleason, 860 F.2d at 559. Here, the Plaintiff has made no allegations of fraud that affects the integrity of the judicial process. Rather, the Plaintiff alleges fraud involving injury to himself as a single litigant, which is governed by Rule 60(b)(3) and its strict limitation period. The Plaintiff cannot use Rule 60(d)(3) to avoid the one year limitation period applicable to Rule 60(b)(3) motions. See Anderson, 2012 WL 4513410, at *4 ("If . . . a movant could have pursued a timely Rule 60(b)(3) motion but inexcusably failed to do so, the movant is precluded from relying on Rule 60(d) to bring . . . claims outside of Rule 60(b)(3)'s one-year statute of limitations period.") (internal citation and quotation omitted).

Moreover, the Plaintiff's allegations of fraud do not meet the standards for relief under any provision of Rule 60. Here, the FOIL response that the Plaintiff relies on does not provide such evidence of fraud upon the court—nor does it contradict the information

supplied by the Defendants to the Court in support of the Defendants' motion for summary judgment. The Plaintiff is incorrect in his assertion that Ms. Scharfman was hired by NKI in 1991, as shown by the Defendants' Exhibit A. (Braude Aff. Ex. A (establishing that Ms. Scharfman did not become an NKI employee until December 2006).) With respect to the Plaintiff's claims regarding Dr. Vitrai, the Plaintiff has not provided sufficient evidence to establish that Dr. Vitrai lacked any requisite credentials when hired, nor has the Plaintiff established that the Defendants represented Dr. Vitrai's credentials falsely.

Because there is simply no showing of fraud to support relief from the final judgment in this case, the Plaintiff's motion for relief under Rule 60(d)(3) is denied.

**IV. Conclusion**

For the foregoing reasons, the Plaintiff's motion for relief pursuant to Rules 60(b)(6) and 60(d)(3) is denied. The Clerk of the Court is directed to close this motion. The Court certifies that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

IT IS SO ORDERED.

Dated: New York, New York
July 17, 2014

_______/s/_______________________
Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Order Sent to:

Bhupendra K. Shah, Ph.D.
540 Highview Avenue
Pearl River, NY 10965

Counsel for Defendants:

Eric T. Schneiderman
Attorney General for the State of New York
By: Mark D. Rosenzweig, Esq.
120 Broadway
New York, NY 10271-0332